UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

98-0353 CR-MIDDLEBROOKS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. _____ |
| | ) | 18 U.S.C. § 666 |
| v. | ) | 18 U.S.C. § 1957 |
| | ) | 18 U.S.C. § 2 |
| CARMEN LUNETTA | ) | |
| and | ) | |
| CALVIN GRIGSBY | ) | **INDICTMENT** |
| | ) | |
| | ) | |

The Grand Jury charges that:

## GENERAL ALLEGATIONS

1. Defendant CARMEN LUNETTA was Director of the Port of Miami, a/k/a Seaport Director, and was charged with overseeing the daily operations of the Miami-Dade County's cargo and cruise operations at the Port of Miami. In addition, defendant CARMEN LUNETTA served as the Miami-Dade County's sole representative for approving the Fiscal Operations annual budget. LUNETTA also oversaw the collection of Miami-Dade County revenues from Fiscal Operations and the monitoring of Fiscal Operations' performance of the contract.

2. Defendant CALVIN GRIGSBY, an attorney licensed to practice in California and an investment banker, was the president and sole owner of Fiscal Operations and controlled the receipt and disbursement of Miami-Dade County funds collected by Fiscal Operations.

3. Fiscal Operations, Inc., a California corporation, was responsible for collecting crane



user fees from various port users and to remit the revenues in excess of a management fee and operating expenditures from crane operations to the Miami-Dade County. Fiscal Operations maintained bank accounts to receive revenue and make payments on behalf of Miami-Dade County. Fiscal Operations operated exclusively in the Port of Miami and only collected revenues for its management and operation of the Port of Miami cranes.

4. Miami Dade County was governed by a Board of Commissioners comprised of 13 elected County Commissioners. The Miami-Dade County Commission was the legislative and governing body of the county and was responsible for setting all policies under which administrative county officials functioned. Miami-Dade County received $486,822,761 for fiscal year 1993 in federal government assistance from the U.S. Department of Transportation.

## COUNT 1

### THEFT, CONVERSION AND FRAUD OF MIAMI DADE COUNTY FUNDS
### (18 U.S.C. § 666)

1. The allegations contained in the General Allegations Section of this Indictment are hereby realleged and incorporated by reference in this Count as if fully set forth herein.

2. On or about May 12, 1993, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CARMEN LUNETTA**
**and**
**CALVIN GRIGSBY**

did knowingly and corruptly embezzle, steal, obtain by fraud, misapply and otherwise without authority convert to use of any person other than the rightful owner, that is, Miami Dade County, property that is valued at $5,000 or more, that is $85,000.00 in revenues which were owned by and

2

under the care, custody and control of Miami-Dade County:

All in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT 2

## MONEY LAUNDERING
## (18 U.S.C. § 1957)

1.  The allegations contained in the General Allegations Section of this Indictment are hereby realleged and incorporated by reference in this Count as if fully set forth herein.

2.  On or about May 12, 1993, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

## CARMEN LUNETTA

did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the deposit of an $85,000 check from the law firm of Munoz, Voneta, Gonzalez, Arbona, Benitez & Peral into the trust account of another law firm at a financial institution, such property having been derived from a specified unlawful activity, that is, wire fraud and theft and conversion without authority of government money, in violation of Title 18, United States Code, Sections 1343, 1346 and 666,

3

respectively, as alleged more fully in Counts 1 & 2 of this Indictment, knowing that the property involved in the monetary transaction represented proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1957 and 2.

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
ALEXANDER ANGUEIRA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA   CR-MIDDLEBROOKS

UNITED STATES OF AMERICA       CASE NO. 98-0353

v.

CARMEN LUNETTA and CALVIN GRIGSBY

## CERTIFICATE OF TRIAL ATTORNEY*

**Related Case Information**:
SUPERSEDING         Yes ___    No ___
New Defendant(s)    Yes ___    No ___
Number of New Defendants ___
Total number of counts ___

**Court Division**: (Select One)

__x__ Miami ___ Key West
___ FTL ___ WPB ___ FTP

MAGISTRATE JUDGE
BROWN

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No) __No__
   List language and/or dialect _____

4. This case will take ___30___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I    0 to 5 days      ___         Petty     ___
   II   6 to 10 days     ___         Minor     ___
   III  11 to 20 days    ___         Misdem.   ___
   IV   21 to 60 days    _x_         Felony    _x_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No) __NO__
   If yes:

   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) _____
   If yes:

   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

7. This case originated in the U.S. Attorney's office prior to August 16, 1985
   (Yes or No) __NO__

                            ALEXANDER ANGUEIRA
                            ASSISTANT UNITED STATES ATTORNEY
                            Florida Bar No.   0716091

*Penalty Sheet(s) attached                                REV.12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET*

98-095 CR-MIDDLEBR[...]

Defendant Name: CARMEN LUNETTA          Case No.: _____

MAGISTRATE JUDGE
BROWN

Count #:  1
Title 18, USC §666
Theft of government property
Max. Penalty: 5 years incarceration

========================================================

Count #:  2
Title 18, USC §1957
Money laundering
Max. Penalty: 10 years incarceration

========================================================

Count #:
_____

_____

Max. Penalty: _____

========================================================

Count #:
_____

_____

Max. Penalty: _____

========================================================

*This is merely a preliminary estimate of the maximum possible incarceration. It does not include any other possible consequences including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET*

Defendant Name: CALVIN GRIGSBY      Case No. 98-0353 MAGISTRATE JUDGE BROWN

Count #: 1
Title 18, USC §666

Theft of government property

Max. Penalty: 5 years incarceration

================================================================

Count #:




Max. Penalty:

================================================================

Count #:




Max. Penalty:
------------------------------------------------

================================================================

Count #:




Max. Penalty:

================================================================

*This is merely a preliminary estimate of the maximum possible incarceration. It does not include any other possible consequences including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

FGJ 96-06(MIA)
PC9606-19